UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARLON JUVENAL CHAVEZ MERCHAN,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER; et al.,

Respondents.

Case No.: 26cv3075-LL-GC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Marlon Juvenal Chavez Merchan's Petition for Writ of Habeas Corpus. ECF No. 1 ("Pet."). Respondents filed a response in opposition. ECF No. 16 ("Ret."). For the reasons set forth below, the Court **DENIES** the Petition.

Petitioner, a native and citizen of Ecuador, originally entered the United States without inspection on February 25, 2024 near El Paso, Texas. ECF No. 16 at 2. On January 30, 2026, an immigration judge granted Petitioner's application for voluntary departure, in lieu of removal, to occur on or before February 28, 2026. *Id*. On May 8, 2026, Petitioner was detained by ICE after re-entering the United States without inspection near Tecate, California. ECF No. 16-4. Petitioner was issued a Notice and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1). *Id*. At the time, Petitioner did not express any fear of

1

returning to Ecuador, but on May 19, 2026, Petitioner claimed to have a fear of returning to Ecuador. ECF No. 16 at 2. On June 2, 2026, Petitioner was interviewed by an asylum officer who found no credible fear. ECF No. 16-6. Petitioner subsequently requested an immigration judge to review the negative credible fear determination, and as such, Petitioner's removal proceedings are still pending. ECF No. 16 at 2.

Petitioner is currently detained at Otay Mesa Detention Center. Pet. at 2. Petitioner filed the instant petitioner arguing his detention is "unlawful" and that he has been detained "without meaningful individualized review." *Id*. at 8. He seeks a writ of habeas corpus directing his immediate release or in the alternative, a bond hearing. *Id*. at 6.

As relevant here, 8 U.S.C. § 1225(b) ("Section 1225") governs the detention of arriving noncitizens. Section 1225 allows for "expedited removal" of noncitizens "present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). "[I]f the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] shall be detained" for a proceeding under the regular removal process of § 1229a. § 1225(b)(2)(A). In other words, arriving noncitizens are subject to mandatory detention until removal proceedings have concluded. Here, Petitioner was detained shortly after entering the United States without inspection in May 8, 2026. Therefore, Petitioner is subject to mandatory detention.

Courts in this district have required at least seven months of detention to find it to be unreasonable in these types of cases. *See, e.g.*, *Ding v. Noem*, No. 1:26-CV-01217-DJC-SCR, 2026 WL 776029, at *2 (E.D. Cal. Mar. 19, 2026) (finding a detention of eight months without a bond hearing weigh in favor of a bond hearing); *Gurung v. LaRose*, No. 26V920-LL-MSB, 2026 WL 776841, at *4 (S.D. Cal. Mar. 19, 2026) (over eight months); *Khalid v. LaRose*, No. 26-CV-1462 JLS (MSB), 2026 WL 776842, at *2 (S.D. Cal. Mar. 19, 2026) (over seven months); *Peng v. Noem*, No. 26-CV-1329 JLS (SBC), 2026 WL 765628, at *2 (S.D. Cal. Mar. 18, 2026) (over seven months); *Yagoub v. Larose*, No. 26-CV-914 JLS (JLB), 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (nearly eight

26cv3075-LL-GC

months). Since Petitioner has been detained for about a month, his detention is not yet unreasonable. Thus, it is clear that Petitioner is not entitled to any relief, and thus this Court must dismiss the Petition.

Accordingly, the Court **DENIES** the Petition **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  June 12, 2026

_____
Honorable Linda Lopez
United States District Judge